Charles Edward TURNER,
Plaintiff–Appellant,

v.

R. CARPENTER; et al., Defendants–Appellees.

No. 02–16153.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.[*]

Decided April 15, 2003.

---

**1.** Walker's and WMB's requests for judicial notice are denied.

**\*** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Turner's request for oral argument is denied.

Before: RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM **

Charles Edward Turner, a California state prisoner convicted of second degree murder, appeals pro se the district court's judgment dismissing his civil rights action alleging that Cal.Penal Code § 296, which requires certain felons to provide blood, saliva, hand and finger print samples to a DNA data bank, is unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed Turner's claim that Cal.Penal Code § 296 violates due process. *See Rise v. Oregon,* 59 F.3d 1556, 1562–63 (9th Cir.1995) (holding that Oregon statute requiring certain prisoners to provide blood samples to DNA data bank does not require notice and hearing because only criterion for extracting blood is conviction of predicate offense, and thus "there would be little of substance to contest at any provided hearing"); *see* Cal.Penal Code § 296(a)(1)(B) (requiring prisoners convicted of second degree murder to provide samples for DNA data bank).

Turner's contention that Cal.Penal Code § 296 violates the Ex Post Facto Clause also lacks merit. *See Rise,* 59 F.3d at 1562 (holding that Oregon statute requiring prisoners to provide DNA samples does not violate Ex Post Facto Clause because statute's purpose is to create a data bank to help identify and prosecute criminals, not to punish convicts).

Turner's remaining contentions also lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

